THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CRYSTAL DAVIS, Defendant-Appellant.

Second District No. 2—03—1203

Opinion filed November 5, 2004.

Fred M. Morelli, Jr., of Law Offices of Morelli & Cook, of Aurora, for appellant.

Timothy J. McCann, State's Attorney, of Yorkville (Martin P. Moltz and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Crystal Davis, appeals from the trial court's denial of her posttrial motion to vacate a prior order requiring her to pay $5 per day while on electronic home monitoring. We affirm.

Defendant was charged with one count each of burglary (720 ILCS 5/19—1(a) (West 2000)) and theft (720 ILCS 5/16—1(a)(1)(A) (West 2000)). The arrest warrant provided for $75,000 bail, and the same bond was set after defendant's appearance in bond court on November 8, 2002. On November 27, apparently pursuant to an agreement between defendant and the State, the trial court reduced the bond to $10,000 and provided that defendant could be released on electronic home monitoring (EHM) once she was able to post bond and could arrange for hookup of the appropriate equipment. While on EHM, defendant would be allowed to attend her employment, religious

services, and appointments with her doctor and lawyer. The electronic monitoring order also provided that defendant was to pay $5 per day from her bail for the EHM services. Defendant signed the consent portion of the order, agreeing to the use of EHM and "to abide by the conditions of this order and all rules and to pay the sums set forth herein." Defendant posted bond on December 3 and was released on EHM.

On February 11, 2003, the case was on the docket for a hearing on defendant's motion for release from EHM and for a conference pursuant to Supreme Court Rule 402. See 177 Ill. 2d R. 402. Defendant's attorney was engaged in a jury trial on that date and the court continued the case until March 4. No written motion regarding release from EHM was ever made part of the record, and there is no indication that the motion was ever raised again or ruled upon.

On June 18, 2003, after a bench trial, defendant was found not guilty of both charges and she was released from EHM. On defendant's motion, any bond remaining after EHM deductions was to be assigned to her attorney. Several days later, defendant brought a motion to vacate all EHM orders, including the order that she pay $5 per day while on EHM. According to defendant, these charges totaled $993. The trial court denied the motion, and this appeal followed.

Defendant now raises several arguments regarding the trial court's imposition of bail, including the orders regarding EHM and payment of fees therefor. Appeals from bail orders are governed by Supreme Court Rule 604(c), which provides in relevant part:

"Before conviction a defendant may appeal to the Appellate Court from an order setting, modifying, revoking, denying, or refusing to modify bail or the conditions thereof." 188 Ill. 2d R. 604(c).

Although the language is permissive, this rule has been interpreted as mandating interlocutory appeal of bail orders; the only appropriate time to challenge a bail order is when the order is entered, not on direct appeal. See *People v. Morrow*, 256 Ill. App. 3d 392, 402 (1993). Thus, this appeal is not timely.

The merits of this appeal are further diminished by the lack of an adequate record. As the appellant, defendant bears the burden of providing a sufficiently complete record to support a claim of error, and any doubts that arise from the incompleteness of the record will be resolved against defendant. *People v. Le*, 346 Ill. App. 3d 41, 48 (2004). Defendant raises claims that she did not receive an adequate hearing when bail was set and that she was under duress when she agreed to be released on EHM in exchange for a lower bail. However, this court is unable to review those claims, as the record does not include transcripts or bystander reports of what occurred at those times.

One fact that is discernable from the record is that, as alluded to above, defendant agreed to be released on EHM and to pay for the benefit of such release in exchange for a lower bond. Defendant received the benefit of her bargain, *i.e.*, not being required to sit in jail for 197 days until her trial was held and being able to go to work and attend religious services and doctor appointments. Her posttrial motion and appeal are nothing more than an attempt to renege on her agreement. The issues of this appeal should have been raised when the conditions of bond were set or within 30 days thereafter via a timely appeal, not months later after trial.

For these reasons, the judgment of the circuit court of Kendall County is affirmed.

Affirmed.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.